UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: Robert Cloyd ) | |
| ) | |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | Case No.15-38003 |
| ) | Hon. Jack B. Schmetterer |
| ) | Courtroom 682 |
| | |
| Robert Cloyd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proc. No.: 16-00094 |
| v. ) | |
| ) | |
| Harris N.A., ) | |
| ) | |
| Defendant. ) | |

~~Proposed~~ Findings of Fact and Conclusions of Law

Pursuant to the Default Order in this matter and because the allegations in the Complaint have been taken as confessed against Defendant Harris N.A., the following facts and conclusions of law are made and will be entered:

1.  Plaintiff is an individual that resides at the subject real property 16334 Wood St., Markham, IL 60428 (parcel id number 29-19-403-055-0000). Plaintiff is the owner of the property.

2.  Defendant Harris, N.A. is a lending institution with a principal address of 111 W. Monroe Street, P.O. Box 755, Chicago, IL 60690.

3.  Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code on November 17, 2015, case number 15-38003.

4.  The adversary proceeding arises under 506(a) and 1322(b) of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § § 151, 157 and 1334 and this is a core proceeding under 28 U.S.C. § 157.

6. The subject real property 16334 Wood St., Markham, IL 60428 is encumbered by the first mortgage of PNC (loan number xxx5507). PNC's mortgage is $56,155 pursuant to Exhibit 1 attached to Adversary Complaint.

7. The subject real property's value is $48,200. See Exhibit 2 of Adversary Complaint.

8. Defendant Harris N.A. holds the second mortgage( loan number xxxxxx9822) on the subject property. The balance on Harris's mortgage is $22,600. See Exhibit 1 of Adversary Complaint.

9. Under 11 U.S.C. § 506(a), Defendant's junior mortgage (loan number xxxxxx9822) would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The balance of the first mortgage exceeds the value of the subject real property therefore the Harris N.A. second mortgage is wholly unsecured pursuant to 11 U.S.C. 506(a)(1).

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16,2001); In re Waters, 276 B.R. 879 (N.D.Ill. 2002); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 122 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant Harris N.A., and allowing Defendant's mortgage being paid as specified within.

Dated: 4/7/16

ENTER

United States Bankruptcy Judge

APR 0 7 2016

Prepared by:

Michael G. Kelly
Kelly & Bracey Law Offices
77 W. Washington St., Suite 1813
Chicago, IL 60602
(312) 445-9500
6273989
mkelly@kellybraceylaw.com
(312) 445-9500